(C.D. 3533)

BRIARCLIFF CLOTHES, LTD., ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided August 8, 1968)

*Siegel, Mandell & Davidson* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

RAO, Chief Judge: The merchandise covered by the protests listed in the schedule, attached to this decision and made a part hereof, consists of car coats which were assessed with duty at the rate of 30 per centum ad valorem pursuant to the provisions of item 376.58 of the Tariff Schedules of the United States for other rainwear of textile materials and rubber or plastics.

It is claimed in said protests that said car coats are properly dutiable at the rate of 20 per centum ad valorem pursuant to the provisions of item 380.90 or item 382.87 of said tariff schedules for other men's, boys', or women's wearing apparel, not ornamented.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States:

That the items marked "A", and checked GG (Comm. Spec's Initials) by Commodity Specialist George Gaines (Comm. Spec's Name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, and assessed with duty at 30 per centum ad valorem within item 376.58, TSUS, consist of nonornamented men's, boys', or ladies' car coats of manmade fibers, laminated with rubber, which are, in fact, in chief value of laminated rubber.

That said merchandise is not, in fact, rainwear, but is men's, boys' or ladies' wearing apparel.

That it is claimed that said car coats are properly classifiable at 20 per centum ad valorem within item 380.90, TSUS, or 382.87, TSUS.

That the protests enumerated on the schedule attached hereto and made a part hereof be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Upon the agreed statement of facts, we hold the merchandise here in question, marked and checked as aforesaid, to be dutiable at the rate of 20 per centum ad valorem under item 380.90 or item 382.87 of said tariff schedules as other men's, boys', or women's wearing apparel, not ornamented. To the extent indicated, the specified claim in the protests is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.